JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    EDCV 08-00387-SGL(JCRx)                                          Date:  May 27, 2009

Title:    CLAUDIA LOPEZ -v- AURORA LOAN SERVICES and COUNTRYWIDE HOME
          LOANS
===============================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

         Cindy Sasse                                         None Present
         Courtroom Deputy                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                None present

**PROCEEDINGS:     ORDER DENYING MOTION TO REMAND (DOCKET #11)**

                   **ORDER DISMISSING ACTION**

     The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for June 1, 2009, is removed from the Court's calendar.  The petitioner's ex parte application to continue is therefore **MOOT.**

     The Court has received and reviewed the Motion to Remand of Aurora Loan Services, designated by the pro se "petitioner" in this action as a "respondent."  In essence, through the filing of this action, petitioner Claudia Lopez seeks an injunction to prohibit the Riverside Superior Court from adjudicating the unlawful detainer action filed against her.

     The present case, which petitioner purported to remove March 20, 2009, that had not yet been filed.  She apparently did so in response to being served with a thirty-day notice to quit on March 17; the unlawful detainer action was not filed until approximately one month AFTER petitioner purported to remove it, on April 20, 2009.  Accordingly, there was no state court case to remove to federal court; therefore, there is no removed state-court case before this Court, and remand would be improper, and the motion to remand is **DENIED** for that reason.

MINUTES FORM 90                                              Initials of Deputy Clerk __cls_____
CIVIL -- GEN                                      1

Nevertheless, the relief sought by the respondent is in essence granted; the Court agrees that the present case may not be brought before this Court. To the extent that the present action may be viewed as a separate action to prohibit or enjoin the Riverside Superior Court from adjudicating the unlawful detainer action filed against Ms. Lopez (RIV000968), the Court has no subject-matter over the dispute, and dismisses this action for that reason.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). As the proponent of the Court's jurisdiction, the petitioner bears the burden of establishing it. Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir.2006). No federal question is raised in the notice of removal or the underlying unlawful detainer action; therefore, the Court has no federal question jurisdiction. See 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law). There is no evidence that petitioner and respondents are citizens of different states, so petitioner has failed to meet the burden necessary to invoke the Court's diversity jurisdiction. See 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction). In the absence of subject-matter jurisdiction, the Court *sua sponte* dismisses the present action. See Franklin v. State of Oregon, State Welfare Division, 662 F.2d 1337, 1342 (9th Cir.1981).

This action is **DISMISSED** in its entirety. The Clerk shall close the case.

**IT IS SO ORDERED.**